# CHESAPEAKE AND OHIO RAILWAY COMPANY OF INDIANA *v.* PERRY.

[No. 9,414.    Filed January 30, 1918.]

1. RAILROADS.—*Crossing Accidents.—Evidence.—Contributory Negligence.—Proximate Cause.—Jury Question.*—In an action for injuries to plaintiff sustained while attempting to drive a horse and buggy over defendant's tracks at a highway crossing, where evidence shows that plaintiff, traveling toward the crossing at a reasonable rate of speed, looked and listened carefully for the approach of a train from either direction, but did not discover the train which injured her until the horse was entering the main track, when she made an ineffectual effort to avoid the accident, that trees and buildings obstructed her view, that an electric bell, designed to ring automatically when trains were approaching the crossing, failed to operate, and that the train was running at a speed of fifty miles an hour, the question of whether plaintiff was guilty of contributory negligence was one of fact for the jury. p. 534.

2. TRIAL.—*Instructions.—Issues.*—In an action for injuries sustained in a crossing accident, an instruction tendered by defendant, that the fact that certain trees were growing on defendant's right of way, and might have obstructed the view of the railroad tracks, was not negligence in and of itself, was properly refused as being outside the issues, where the complaint was construed by both the court and defendant as not containing a charge of negligence based on the existence of the trees. p. 536.

3. RAILROADS.—*Crossing Accidents.—Contributory Negligence.—Care Required of Traveler on Highway.*—A traveler on a highway is required, on approaching a railroad crossing, to use only reasonable care, rather than all necessary care. p. 537.

4. TRIAL.—*Instructions.—Refusal.*—In an action for personal injuries, it was not error to refuse instructions on contributory negligence tendered by defendant, where they were substantially covered by the instructions given. p. 537.

5. DAMAGES.—*Personal Injuries.—Issues.—Proof.*—In an action for personal injuries sustained in a crossing accident, where the complaint specifically described certain injuries for which plaintiff sought recovery, among others, concussion, contusion and laceration of the brain, and that her left ear was injured and the hearing permanently impaired, but not alleging injury to an eye, or impairment of the function thereof, although plaintiff could not recover for impairment of sight as a distinct injury because

not so alleged, she had a right to recover for brain laceration, if proved, and, having established that such an injury manifests itself only by symptoms, one of which is sometimes impairment of sight, she was entitled to prove that such a symptom existed in her case as a circumstance tending to show brain laceration covered by the instructions given. p. 538.

6. APPEAL.—*Briefs.—Waiver of Assignment.*—Where appellant's brief fails to direct a point to the assignment in its motion for new trial that the amount of recovery was excessive, such assignment is waived. p. 541.

7. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*— In an action for personal injuries, error, if any, in admitting evidence bearing only on the nature and extent of the injury, and consequently on the measure of recovery, was harmless, where defendant on appeal waived its assignment that the amount of recovery was excessive. p. 541.

From Delaware Circuit Court; *Frank Ellis,* Judge.

Action by Vallie M. Perry against the Chesapeake & Ohio Railway Company of Indiana. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Warner & Warner* and *Robbins & Starr,* for appellant.

*Wilbur Ryman,* for appellee.

CALDWELL, J.—A public highway known as Sycamore street extends north and south through the east part of Gaston, in Delaware county, intersecting practically at grade appellant's railroad in the southeast part of the town. The railroad extends in a general direction of southeast and northwest. On June 30, 1913, appellee, a girl then seventeen years of age, was driving a horse and buggy south along said highway. As the horse which she was driving entered upon the crossing one of appellant's trains approaching from the southeast collided with the horse and buggy, hurling appellee from the latter, and inflicting upon her very serious and permanent injuries. Alleging that such injuries resulted from appellant's negligence in

operating the train, she brought this action to recover damages therefor. A trial resulted in a verdict and judgment in appellee's favor for $3,000.

On this appeal appellant challenges the sufficiency of the evidence on the issue of negligence, the issue of negligence, the issue of contributory negligence 1. and the issue of proximate cause. The complaint charged as negligence appellant's failure to cause the signals required by §5431 Burns 1914, §4020 R. S. 1881, to be given as the train approached the crossing. While not without contradiction, there was abundant evidence to sustain such charge. As bearing more particularly on the issue of contributory negligence, there was substantial evidence to the following effect, in addition to the evidence that the statutory signals were not given: North of appellant's main track there was a side track on which stood a box car east of the street. Along the east side of the street, in order north from the main track, there were the following obstructions: In a distance of thirty feet from the north rail of the main track to the nearest building there were three low bushy trees; north of such thirty-foot space there was a two-story canning factory, north of the east end of which there was a pile of boxes; north of the canning factory was a creamery building, and north of that there were residences and orchards, the latter in full foliage. All these obstructions were on the east side of the street. Near the railroad and on the west side of the street there was located on a post an electric bell, designed to ring automatically while a train was moving or standing at the crossing, or within a distance of several hundred feet either east or west therefrom. There was evidence that appellee as she approached the crossing traveled at a reasonable rate of speed, and that she continuously looked and listened care-

fully for the approach of a train from either direction, but that she did not discover the train until the horse was in the act of entering on the main track. The electric bell did not always work as designed. Sometimes it did not ring as a train was passing, and at other times it continued to ring long after a train had passed. There was evidence that appellee knew of the presence of the bell and its purpose, but no evidence that she knew that it sometimes failed to perform its proper function. There was evidence that on this occasion the bell did not ring. As appellee approached the crossing she had in mind the presence of the bell and observed that it was not ringing. She did not, however, fully rely on that fact as evidence that a train was not approaching, but nevertheless continued to use her senses as aforesaid. When the train was three-quarters of a mile distant it was running at the rate of fifty miles per hour. About 1,000 feet from the crossing the engineer shut off the steam, and the train drifted to the crossing at the rate of about thirty miles per hour. As the horse was in the act of entering on the main track appellee discovered the approach of the train, and thereupon made an ineffectual effort to avoid a collision by attempting to check the horse and guide him to the west.

In our judgment, under this evidence contributory negligence was a question of fact for the jury. See the following: *Cleveland, etc., R. Co.* v. *Starks* (1914), 58 Ind. App. 341, 368, 369, 106 N. E. 646, and cases; *Pittsburgh, etc., R. Co.* v. *Macy* (1915), 59 Ind. App. 125, 137, 145, 107 N. E. 486, and cases; *Cleveland, etc., R. Co.* v. *Van Laningham* (1912), 52 Ind. App. 156, 164, 97 N. E. 573.

The evidence also made a case properly submitted to the jury on the issue of proximate cause. *Standard Steel Car Co.* v. *Martinecz* (1916), *post,* 672, 113 N. E. 244, 248, and cases.

It is urged that the court erred in refusing instructions Nos. 7, 10, 16, 17 and 19 tendered by appellant.

2. The seventh instruction was to the effect that the fact that the trees above mentioned were growing on the right of way, and such trees may have obstructed the view of the railway track to some extent at the crossing, was not negligence in and of itself, and that the fact of the trees and the consequent obstruction did not excuse appellee as she approached the crossing from taking a position from which she might have seen the approaching train. It will be observed that this instruction contains an element bearing on negligence, and also an element bearing on the issue of contributory negligence. The complaint as construed by appellant in its brief, and also as construed by the trial court in instructions given, does not contain a charge of negligence based on the existence of the trees. Thus appellant in its brief states that "appellee bases her right of action on the alleged negligence of appellant in its failure to maintain a proper signal gong at the crossing, and its failure to ring the bell or sound the whistle on its engine when its train approached this crossing on said day." The court by the third instruction given likewise limited and outlined the negligence charged, and by the fourth instruction the court in effect informed the jury that proof of at least one of such negligent acts charged was essential to a recovery. The seventh instruction then, in so far as concerns the element of negligence, was outside the issues under the complaint as construed both by the court and by appellant. Moreover, the effect of a charge

that proof of certain acts of negligence is essential to a recovery necessarily excludes other acts as potent to that end.

The remaining element of the seventh, as well as the tenth, sixteenth, seventeenth and nineteenth tendered instructions, deal with the question of 3. contributory negligence. The tenth was to the effect that it was appellee's duty as she approached the crossing "to use all necessary care and watchfulness to avoid injury," and that, if she "did not use such care and watchfulness," she could not recover. This instruction contemplated a higher degree of care than the law requires. A plaintiff under such circumstances is required to use only reasonable care, rather than all necessary care. The instruction was therefore properly refused. *Caughell v. Indianapolis Traction, etc., Co.* (1911), 50 Ind. App. 5, 97 N. E. 1028; *Indiana Union Traction, etc., Co.* v. *Bales* (1914), 58 Ind. App. 92, 107 N. E. 682; *Louisville, etc., Traction Co.* v. *Korbe* (1910), 175 Ind. 450, 93 N. E. 5, 94 N. E. 768.

A careful comparison of the sixteenth, seventeenth and nineteenth instructions tendered by the appellant, as well as that part of the seventh that 4. dealt with contributory negligence, with the instructions given by the court, discloses that the former were substantially covered by the latter. In fact, the jury were very carefully and fully instructed respecting the nature and effect of contributory negligence and its bearing on appellee's right to recover. Thus by its seventh instruction the court clearly defined contributory negligence. By the fourth and eighth the jury were informed that, if appellee's negligence in any manner or form contributed to produce her

injury, she could not recover; by the tenth that, if appellant and appellee were both guilty of negligence that contributed to produce the injury, appellee could not recover; by the fifth and fourteenth that reasonable care for her own safety required that appellee look and listen to detect the approach of a train, and that even though appellant failed to give proper warning of the presence of the train, that fact would not excuse her from using her faculties as aforesaid; also by the fifth to the effect that where a traveler on a highway is injured on a railway crossing by collision with a train, the approach of which might have been detected by the exercise of reasonable care, it is presumed either that such traveler did not exercise such degree of care to discover the approach of a train, or else that he was heedless of what he saw or heard; by the twelfth, in effect, that in case of obstructions a traveler is required to choose a proper place from which to make his observations, and by the fifteenth that care must be exercised commensurate with the known or apparent danger. We conclude that there was no error in refusing the instructions tendered.

Appellee introduced evidence tending to show that after the injury her hearing and eyesight became defective, which condition continued thereafter to the time of the trial. Appellant on this appeal makes no point on the admission of this evidence. Thereafter Dr. Mix, a surgeon, testified as a witness in appellee's behalf. His testimony was to the effect that three days after the injury he visited appellee professionally; that he found her to be in an unconscious condition; that by an examination he discovered, among others, the following injuries: A broken arm, two extensive scalp wounds, a fracture at the base of the skull, with other cuts and bruises on various parts

of the body, and that there was evidence that there had been hemorrhage from the nose and ear; that the long period of unconsciousness indicated a brain laceration, and that the existence, nature and extent of a brain injury in case of a living person can be determined only by the symptoms. He was then asked to state whether or not such a blow as appellee received was likely to produce any effect on the senses of hearing and sight. To this question appellant objected on the ground that injury to the eyesight was not alleged in the complaint, and that there was no prayer for damages based thereon. The objection having been overruled, the witness in the place of answering the question, stated in substance that he regarded the impairment of eyesight and hearing as symptoms of brain laceration; that the fact of such impairment indicated laceration at the base of the brain where the centers controlling those senses are located. The witness having further testified without objection that brain laceration, together with the incident shock, would result in the permanent destruction of brain cells, was asked to state whether the impairment or destruction of brain cells that control sight and hearing would result in a permanent injury to those physical senses. Over a like objection as above the witness answered in the affirmative. It was urged that in the involved ruling the court erred.

In the appellee's complaint certain injuries for which she sought to recover are specifically described, among others that there was concussion, contusion and laceration of the brain; that her body was severely cut and bruised; that her left ear was injured, and the hearing thereof permanently impaired, and that she suffered a severe shock. Injury to an eye, or impairment of the function thereof, is not alleged. Under such circumstances it would seem

that appellee was not entitled to recover for impair. ment of the sense of sight as such. But, as testified by Dr. Mix, it is apparent that such an injury as brain laceration cannot be detected by the direct application of the physical senses to the organ. A severe injury to such an important organ as the brain will of necessity manifest itself by symptoms, such symptoms, among others, being functional interruption or impairment. Dr. Mix testified that impairment of sight such as appellee was shown to suffer from, was not only a symptom of brain laceration, but also that thereby a person learned in surgery and kindred sciences was able to locate the laceration at the base of the brain. Appellee under her complaint was entitled not only to prove brain laceration, but also to locate the injury and to have considered in awarding damages not only the fact of the laceration, but also its location, if laceration of one portion of the brain is more serious than another. Having established that such an injury manifested itself by symptoms, appellee was entitled to prove what are the symptoms of such an injury, and that they existed in her case, in order that she might thereby prove the main fact of brain laceration. As we have indicated, appellee was not entitled to recover for sight impairment as a distinct injury, because not alleged. However, the severity of an injury is measured by its consequences. She had a right to recover for brain laceration, if proved, because alleged. But brain laceration, aside from its consequences, would perhaps be a trivial injury, perhaps not a measurable injury at all. Its gravity is measured by its consequences of pain, unconsciousness, interruption or destruction of function, or the like. If it be true that impairment of vision is a symptom of laceration of the base of the brain, because the former necessarily results from the

latter, we are unable to discover why the former may not be proved and considered by the jury in determining the gravity of the latter. At any event, we believe that the evidence complained of was properly admitted as a circumstance to prove brain laceration which was alleged. See the following: *Louisville R. Co.* v. *Ellerhorst* (1908), 129 Ky. 142, 110 S. W. 823; *Mullady* v. *Brooklyn Heights R. Co.* (1901), 72 N. Y. Supp. 911; *West Chicago St. R. Co.* v. *Levy* (1899), 182 Ill. 525, 55 N. E. 554.

Moreover, it is apparent that the admitted evidence bears only on the nature and extent of the injury, and consequently on the measure of recovery. Appellant makes no other application of it. Appellant in its motion for a new trial challenges the amount of recovery as excessive, but in its brief has waived such assignment by failing to direct a point to it. Under such circumstances appellee urges that the error in admitting such evidence, if any, must be regarded as harmless. That appellee is correct in such contention is indicated by the decisions of both the Supreme Court and this court. *Peabody-Alwert Coal Co.* v. *Yandell* (1912), 179 Ind. 222, 229, 100 N. E. 758; *Maywood Stock, etc., Co.* v. *Pratt* (1915), 60 Ind. App. 131, 139, 110 N. E. 243; *Terre Haute, etc., Traction Co.* v. *Frischman* (1914), 57 Ind. App. 452, 457, 107 N. E. 296; *Carter* v. *Caldwell* (1915), 183 Ind. 434, 438, 109 N. E. 355; *Sovereign Camp, etc.* v. *Latham* (1915), 59 Ind. App. 290, 307, 107 N. E. 749; *Pittsburgh, etc., R. Co.* v. *Macy, supra; Indianapolis, etc., R. Co.* v. *Sample* (1914), 58 Ind. App. 461, 479, 108 N. E. 400; *City of Terre Haute* v. *Lauda* (1914), 58 Ind. App. 480, 485, 108 N. E. 392. Judgment affirmed.

NOTE.—Reported in 118 N. E. 548. See under (1) 33 Cyc 1111; (3) 90 Am. Dec. 780.