THE CHESAPEAKE AND OHIO RAILWAY
COMPANY v. PACE.

[No. 19,352. Filed October 16, 1961.]

*Russell J. Wildman, Cole, Wildman & Cole,* of Peru, *Fred W. Campbell,* and *Harker, Irwin, Campbell & Harker,* of Frankfort, for appellant.

*J. O. Finney,* of Anderson, *W. J. Robison* and *Robison & Robison,* Frankfort, for appellee.

CONCURRING OPINION ON DENIAL OF TRANSFER

ACHOR, J.—I concur in the denial of transfer in the above captioned case except for the following statement which appears in the Appellate Court opinion, which language, in my opinion, enunciates an erroneous rule of appellate procedure, which purported rule is not necessary to a decision in the case. The statement is as follows:

"Further, said tax returns had relation to only one issue, namely, appellee's alleged damages.

Appellant has not briefed or argued the specification of its motion for new trial that the assessed amount of recovery is too large. Said specification, therefore, is considered waived. Rule 2-17 (f) . . ." *Chesapeake and Ohio Railway Company* v. *Pace* (1961), 132 Ind. App. 321, 175 N. E. 2d 895, 910.

This court has held, with good reason, that we will not consider alleged errors with regard to the exclusion of evidence on the subject of damages unless there is an assignment *in the motion for new trial* that the damages awarded are excessive. The reason for this rule is that unless it is shown that the error is more than technical and may have affected the outcome of the case, this court will not, on appeal, reverse because of such error.

However, this court is not bound to a rule[1] that in order to preserve error, in the exclusion of evidence with respect to the amount of damages awarded, an issue of excessive damages must be "briefed or argued" on appeal, as stated in the Appellate Court opinion. To establish such a rule would impose an unreasonable burden upon an appellant who cannot successfully maintain such an issue on appeal.

The rule above enunciated is reasonable as applied to a review of a case by the trial court on motion for new trial since the trial court, in considering a motion for new trial, must consider *all of the evidence,* including that which is not compatible with the verdict. However, in considering the motion for new trial the trial court is not required to consider an error in the exclusion of evidence which is not material to the outcome of the case. Therefore the rule that on motion for new trial error in the

---

1. "Appellant's original brief shall be indexed. Errors assigned and causes for a new trial not treated as herein directed, shall be deemed to be waived." Rule 2-17 (f).

exclusion of evidence which is related to the amount of damages will not be considered unless "excessive damages" is also assigned as error.

However, on appeal, this court is restricted to a consideration of the evidence which is favorable to the verdict. We do not consider the evidence adverse to the judgment. Since the evidence excluded could not be considered by us as affecting the amount of recovery, there is no reason for insisting that the appellant here brief and argue the question of damages in order to properly present an issue as to the error in the exclusion of evidence on the subject of damages. Since the evidence was in conflict as to the amount of damages, this was an issue solely for the trial court. It is sufficient for the purpose of the appeal that the brief merely call attention or "direct a point" to the fact that the "motion for new trial challenges the amount of recovery as excessive," as stated in the case of *Cheaspeake, etc. R. Co.* v. *Perry* (1918), 66 Ind. App. 532, 541, 118 N. E. 548. It is sufficient that this court is assured that the issue was properly presented to the trial court.

In the argument portion of its brief, appellant points to or directs this court's attention to the fact that excessive damages was made an issue in the motion for a new trial filed in the trial court. Appellant sets forth the motion for new trial verbatim, in which two of the errors assigned were as follows:

"6. Error in the assessment of the amount of recovery in this that the amount is too large.
"7. The damages assessed are excessive."

For the reasons above stated, this recital in appellant's brief regarding excessive damages was sufficient.

NOTE.—Reported in 177 N. E. 2d 381.