PAYNE, DIRECTOR GENERAL OF RAILROADS, AGENT, *v.* BURNETT.

[No. 11,021. Filed December 9, 1921. Rehearing denied March 21, 1922.]

1. RAILROADS.—*Crossing Accidents.—Complaint.—Certainty.*—In an action for injuries sustained by plaintiff when the wagon in which he was riding was struck at an alleged defectively constructed railroad crossing by a train approaching without warning, the complaint *held* sufficiently certain and definite as against a motion to make more specific. p. 68.

2. PLEADING.—*Complaint.—Certainty.—Motion to Make More Specific.*—Where a complaint is sufficiently specific distinctly to inform defendant what it is required to meet, it is sufficient as against a motion to make more specific. p. 68.

3. RAILROADS.—*Crossing Accidents.—Complaint.—Sufficiency.*—In an action against a railroad company for injuries in a crossing accident, a complaint, alleging that the crossing was defective, thereby making it difficult and dangerous to cross, that defendant was running its train at an excessive rate of speed without sounding the whistle or ringing the bell or giving other warning of its approach, and that plaintiff's injuries were caused solely by such negligence and carelessness without fault on his part, *held* sufficient as against demurrer. p. 68.

4. RAILROADS.—*Crossing Accidents.—Complaint.— Sufficiency.— Contributory Negligence.*—In an action for injuries in a cross-

ing accident, where the complaint showed that plaintiff, though required to watch his team because of the defective condition of the crossing, was also looking and listening for trains, it did not necessarily show contributory negligence. p. 68.

5. RAILROADS.—*Crossing Accidents.—Negligence.—Contributory Negligence.—Jury Questions.*—In an action for injuries in a crossing accident, the question of negligence and contributory negligence *held* for the jury. p. 69.

6. RAILROADS. — *Crossing Accidents. — Instructions. — Duty of Railroad Company.—Applicability.*—In an action for injuries in a crossing accident, where the complaint alleged, and the proof showed, that the crossing involved was rough, uneven and narrow, and the planking rotten and split, and there was evidence that the view was obstructed by an embankment, an instruction that, if the crossing was "extra dangerous," it was the railroad company's duty to exercise reasonable care in the operation of trains to prevent accidents, was warranted by the issues and proof, and not reversible error because of the use of the words "extra dangerous." p. 69.

7. APPEAL.—*Review.—Harmless Error.—Instruction Inapplicable to Evidence.*—In an action for injuries in a crossing accident, the giving of an instruction which was inapplicable to the evidence informing the jury that, when a railroad company misleads a traveler and puts him in peril, and, due to the excitement of the peril and in an honest effort to escape, he makes a mistake and is injured, such an error is not contributory negligence, *held* harmless. p. 70.

8. RAILROADS.—*Crossing Accidents.—Traveler's Reliance on Signals.—Instructions.*—In an action against a railroad company for injuries in a crossing accident, where the complaint alleged, and there was some evidence, that defendant carelessly and negligently failed to sound the whistle upon its locomotive, ring the bell, or give any warning of the train's approach to the crossing, the giving of an instruction that plaintiff had a right to assume that the defendant would comply with the law and give the statutory signals, and that the jury had a right to consider this fact in·determining whether plaintiff exercised proper care, was not reversible error. p. 70.

9. RAILROADS.— *Crossing Accidents.— Railroad's Duty to Give Warning of Approach of Trains.—Instructions.*—In an action against a railroad company for injuries in a crossing accident, an instruction that in the absence of any statutory requirement as to signals, it would still be defendant's duty to give reasonable and timely warning of the approach of its train to the crossing, *held* proper. p. 71.

10.   APPEAL.—*Review.*—*Instructions on Damages.*—*Waiver of Error.*—*Failure to Assign Excessive Damages as Error.*—An error in the giving of instructions embracing elements of damages not averred in the complaint and of which there was no proof is waived, where defendant fails to assign as ground for new trial that the damages were excessive.   p. 71.

From Dearborn Circuit Court; *Charles A. Lowe,* Judge.

Action by Oscar Burnett against John Barton Payne, Director General of Railroads, agent. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Morrison R. Waite, William A. Eggers* and *McMullen & McMullen,* for appellant.

*Connelly & Connelly* and *Estal G. Bielby,* for appellee.

NICHOLS, J.—Action for personal injuries received at a railroad crossing.

It is averred in the complaint, in substance, that appellant's railroad runs into Dearborn county, Indiana, and is named the Baltimore and Ohio Southwestern Railroad Company. On November 2, 1918, appellee was driving a farm wagon drawn by two horses upon a public highway which crosses the tracks of said railroad at Cold Springs Station, Dearborn county, Indiana. There were three tracks of railroad over which said highway crosses consisting of one side track on the north, one north main track, and one south main track. Appellant on said day had carelessly and negligently failed to place over said tracks a proper and safe crossing, but was maintaining an unsafe and defective crossing consisting of planks of uneven length and thickness and which were old, rotten, split and broken and placed in an irregular position so that instead of being smooth said crossing was rough, irregular and dangerous. Some of the planks were higher than the tracks and some were lower, and by reason of the defective condi-

tion of the crossing appellee was compelled to watch his team when crossing said tracks in order to go over the same safely. Appellee on said day was driving south on said highway, and as he approached said crossing looked in both directions and listened for any train that might be approaching over said tracks, and stopped his team twenty feet north of the side track at which time a freight train was going westward over said north main track. After said freight train had passed over said crossing, appellee approached the same, carefully looking and listening for any other train that might be approaching said crossing, and neither hearing nor seeing any train carefully drove his team on to said track and had passed over the side track and the north main track, and his wagon was upon the south main track when appellant operating a locomotive and train of passenger cars, ran the same along said south track without sounding a whistle or ringing a bell, and failed to give any warning of the approach of said train. Said locomotive struck appellee's wagon in which he was riding, throwing the wagon from the track and plaintiff from the wagon and plaintiff was thereby "bruised, wounded and injured, that the bone in one of plaintiff's legs was broken between the knee and the ankle joint, that plaintiff's head was bruised and that one of plaintiff's arms was bruised and injured, that plaintiff on account of being thrown from the said wagon was rendered unconscious and that plaintiff was thereby caused to suffer great pain both of body and mind and that the injury to his leg is permanent." Said train was running at sixty miles per hour, and it was negligent so to operate it at such a high rate of speed for the reason that persons going south could only see westward a short distance from the crossing until upon said south track. The crossing runs diagonally across the tracks and, on account of it being a rough crossing and the

fact that appellee's team required constant attention because of such defective condition, it was the duty of appellant to slacken the speed of its train and to give signals as required by law. Damages are prayed in the sum of $5,000.

There was a motion to make the complaint more specific which was overruled, a demurrer to such complaint which was overruled, and thereupon an answer in general denial. There was a trial by jury resulting in a verdict in favor of appellee in the sum of $1,000. After motion for a new trial which was overruled, appellant prosecutes this appeal, assigning as error the action of the court: (1) In overruling appellant's motion to make the complaint more specific; (2) in overruling appellant's demurrer to the complaint; (3) in overruling appellant's motion for a new trial.

Appellant insists that the court erred in overruling its motion to make the complaint more specific, but it is sufficiently specific distinctly to inform appellee of what it is required to meet, and this is all that is required. *Alleman* v. *Wheeler* (1885), 101 Ind. 141; *Pittsburgh, etc., R. Co.* v. *Simons* (1907), 168 Ind. 333, 79 N. E. 911; *Cleveland, etc., R. Co.* v. *Jones* (1912), 51 Ind. App. 45, 99 N. E. 503; *Kinmore* v. *Cresse* (1913), 53 Ind. App. 693, 102 N. E. 403.

The complaint was sufficient to withstand appellant's demurrer. It is expressly charged in the complaint that the crossing was defective thereby making it difficult and dangerous to cross; that appellant was running its train at an excessive rate of speed without sounding the whistle or ringing the bell or giving any warning and that appellee's injuries, losses and damages were caused solely by the negligence and carelessness of appellant as above set forth, and without fault on the part of appellee. Each act of negligence is sufficiently charged, and united they produced the

injury. This is sufficient. *Baldwin Piano Co.* v. *Allen* (1918), 187 Ind. 315, 118 N. E. 305. It appears by the complaint that appellee, though required to watch his team because of the defective condition of the crossing, was also looking and listening for a train as he approached the crossing. This does not necessarily show contributory negligence. It was not error to overrule the demurrer to the complaint.

It appears by the evidence that appellee had stopped his team about twenty feet north of the first track waiting for the freight train to pass. To the west there was a deep cut and abrupt curve with a high bank all of which obstructed his view during the time he was moving forward attempting to cross. The crossing was rough, uneven and narrow, and the planking rotten and split, which condition required appellee to watch his team in order to cross safely. When the freight was 150 yards to the west he looked and listened and he saw no train, and he moved forward watching his team and looking and listening and when he was on the south track he first knew of the train that hit him then about seventy-five feet away coming at high speed. This evidence together with all the other evidence presents questions of fact for the jury, both as to appellant's negligence and appellee's contributory negligence, and the jury has found against appellant on these questions, and the verdict will not be disturbed.

Appellant contends that there was error in giving instructions Nos. 2, 4, 6, 9 and 10, requested by appellee, and in giving each of such instructions. Instruction No. 2 tells the jury that if it should find that the highway crossing was extra dangerous then it was the duty of appellant to exercise reasonable care in running its trains over said highway crossing to prevent accident to travelers. Appellant complains of this

instruction because it says that there was no issue as to the extra dangerous condition of the crossing, nor was there any proof as to the same. But in this we cannot agree with appellant's contention, for from the condition of the highway both as averred in the complaint and as shown by the proof, the jury might reasonably infer that the crossing was dangerous. While we do not approve of the use of the expression "extra dangerous," we do not think that its use under the averments of the complaint and under the evidence in this case constitutes reversible error.

Instruction No. 4 tells the jury that when a railroad by its own negligence misleads the traveler and puts him in peril of his life and the traveler, in the excitement of that peril and in his honest effort to escape, makes a mistake and is injured, such an error of judgment is not contributory negligence. It must be conceded that this instruction is not applicable either to the averments of the complaint or to the proof. While appellant might have misled appellee by failing to give the required signals of its approach to the crossing as averred in the complaint, and as shown by some evidence, there is no evidence from which the jury might have inferred that appellee made a mistake and was thereby injured. The instruction simply tells the jury that such a mistake would not be contributory negligence. We do not see how appellant could have been prejudiced by such an abstract statement of the law. While the instruction was error, we hold that it was harmless.

Instruction No. 6 tells the jury that appellee had a right to assume that appellant would comply with the law and give the statutory signals, and tells the jury that it has a right to consider this fact in determining whether appellee exercised proper care before entering upon appellant's tracks.

It is averred in the complaint that appellant carelessly and negligently failed to sound the whistle upon its locomotive or to ring the bell and to give any warning of its approach to the crossing. Under this averment, and there is some evidence to sustain it, instruction No. 6 pertaining to the effect of failure to give statutory signals, was not error. The instruction further tells the jury that the right to assume that appellant would obey the law with reference to signals would not relieve appellee from the duty of using reasonable care and employing his senses of sight and hearing to ascertain if a train was approaching. There was no reversible error in giving instruction No. 6.

Instruction No. 9 pertains to the giving of the signals, and tells the jury that in the absence of statutory requirement as to signals, it still would be the duty 9. of appellant to give reasonable and timely warning of the approach of its train to the crossing, and is a correct statement of the law as applied to the circumstances involved.

Instruction No. 10 embraces a number of elements of damages that are not averred in the complaint and of which there is no proof, but this involves only 10. the question of the amount of damages recoverable, and appellant has not assigned as a reason for a new trial that the damages were excessive. It has therefore waived any error in the giving of an instruction which involves only the question of the amount of damages. *Chicago, etc., R. Co.* v. *Brown* (1917), 66 Ind. App. 126, 115 N. E. 368.

The instructions tendered by appellant and refused by the court, so far as they were applicable to the issue in this case, were covered by the instructions given by the court on its own motion.

We do not deem it necessary to consider other alleged errors with reference to the instructions as, taken as a

whole, they sufficiently inform the jury of the law applicable to the facts in the case.

The judgment is affirmed.