THE BALTIMORE & OHIO RAILROAD COMPANY
*v.* DAUGHERTY

[No. 18,317. Filed April 7, 1953.]

374

*Charles A. Lowe*, of Lawrenceburg, for appellant.

*William M. Turner*, of Lawrenceburg and *Hartell F. Denmure*, of Aurora, for appellee.

ACHÓR, J.—This is an action for damages arising out of a collision between a truck driven by appellee and one of the trains of the appellant in the City of Aurora. Verdict and judgment were for the appellee in the sum of $1,500.00.

Notwithstanding the sharp conflict in the evidence presented in this case, the sole question raised by the

several assigned errors is whether or not the ■ · appellee was guilty of contributory negligence as a matter of law. The rule with regard to evidence necessary to establish negligence as a matter of law has been stated by this court as follows:

> "Contributory negligence becomes a question of law only when the evidence most favorable to the plaintiff and all proper inferences therefrom are such that reasonable minds will agree that the injury complained of was the proximate result of the plaintiff's own negligence. *D. Graff and Sons* v. *Williams* (1945), 115 Ind. App. 597, 61 N. E. 2d 72. Where the facts are in conflict, or of such a character that reasonable minds may draw different inferences from them, then the question is one of fact to be determined by the jury. *Gatewood et al.* v. *Lynch* (1939), 107 Ind. App. 168, 23 N. E. 2d 289; *Associated Truck Lines, Inc.* v. *Velthouse* (1949), 227 Ind. 139, 84 N. E. 2d 54; *Northwestern Transit, Inc.* v. *Wagner* (1945), 223 Ind. 447, 61 N. E. 2d 591."

*Neuwelt* v. *Roush* (1949) 119 Ind. App. 481, 502, 85 N. E. 2d 506. See also, *New York Central R. Co.* v. *Milhiser* (1952), 231 Ind. 180, 106 N. E. 2d 453.

It is appellant's contention that appellee's own testimony, and other evidence most favorable to appellee, irrefutably proved appellee guilty of contributory negligence. In this regard, appellee testified that as he approached the intersection from the north, he stopped and looked at a point "20 feet or something like that from the track;" that appellant's railroad was visible to the west from said point a distance of 900 feet; that appellee looked but did not see a train; that he proceeded to cross the intersection at a speed of "about three miles an hour;" that he could have stopped his truck within two or three feet. Another witness testified that the train approached from the west at speeds of "about 50

or 60 miles per hour." It is appellant's contention that if the physical circumstances surrounding the collision are accepted as being established by the above testimony, that these very circumstances prove with mathematical certainty that appellant's train was in sight at the time appellee stopped and looked; that in the very nature of things he must have seen it, and that appellee's failure to heed what he saw was contributory negligence as a matter of law.

Appellant further contends that even though we accept as true the inference that the train was not visible at the time he stopped and looked, it was appellee's duty to *maintain* a lookout for approaching trains as he proceeded into the intersection; that had he done so, he would have seen the train and could have stopped his truck before entering upon the tracks in the path of appellant's train. Appellant contends that appellee's failure to maintain such a lookout was contributory negligence as a matter of law.

Upon the issue presented by appellant's first contention, this court has stated:

> ". . . It is well settled in this jurisdiction and elsewhere that the testimony of a witness which is opposed to the laws of nature, or which is clearly in conflict with principles established by the laws of science, is of no probative value and a jury is not permitted to rest its verdict thereon (numerous cases cited). This rule is frequently applied to the testimony of one who says he looked but did not see an object, which, if he had looked, in the very nature of things, he must have seen. However, where a court cannot say as a matter of law that the testimony of a witness is contrary to scientific principles, the law of nature or the physical facts, the question of whether such testimony does so conflict is one of fact for the jury to determine (cases cited).

The appellant has made certain mathematical calculations based on distance and speeds as appear in the testimony of the appellee and seeks to demonstrate thereby that the appellee would have reached the curb in safety before the appellant's automobile reached any point in the street where the appellee possibly could have been hit. Therefore, says the appellant, the appellee's testimony concerning the manner in which the accident happened must be disregarded because it contravenes the law of mathematics and being so disregarded there remains no evidence to support the verdict. This argument presupposes that the appellee's estimates of the distance he was from the curb when he first saw appellant's automobile, the distance it was then from him and the speed at which it was moving, are accurate to a mathematical certainty. This of course, we cannot assume. His testimony in reference to speeds was merely the expression of his best judgment in regard thereto and may have been subject to some error. The speed at which the appellant's automobile approached the place of accident, as measured in miles per hour, is of little consequence if, in view of all the circumstances, it was being driven faster than was ordinarily careful and prudent. We are of the opinion, therefore, that the question of whether the appellee's version of the manner in which he was run down and hit is contrary to scientific principles and incompatible with the physical facts *is not one of law and we are not at liberty to disturb the jury's findings in reference thereto.*" (Our italics.)

*Connor* v. *Jones* (1945), 115 Ind. App. 660, 669, 670, 671, 59 N. E. 2d 577.

Upon applying the rules announced in the above case to the case at bar, we find that the street involved intersected the railway at an oblique and undetermined angle. Appellee, who was on the side of the truck next to the tracks, testified that he stopped not at a fixed point, but "20 feet *or something like that* from the tracks," whereas another witness who was riding on

the other side of the truck testified that the truck stopped "about 50 feet from the track." Likewise, the speed of appellee's truck was described as "*about* three miles an hour" and the speed of the train was described as "*about* 50 or 60 miles an hour." It is apparent, therefore, that the matter of the location at which the truck was stopped and the speed of both the appellee's truck and appellant's train were but mere estimates and not accurately established facts, which this court has held cannot be the basis of mathematical calculations for the purpose of proving contributory negligence as a matter of law. Therefore, appellant's contention upon this issue fails.

We now consider appellant's second contention, that appellee was guilty of contributory negligence as a matter of law because, not having seen appellant's train, he failed to look a second time before entering upon the tracks of appellant, assuming that when appellee stopped and looked, the train was not within 900 feet and was out of sight. However, in this regard, appellee was only required to exercise reasonable care for his own safety. Whether failure to look a second time before entering upon the tracks of the railroad was contributory negligence would depend upon at least two factors, (1) the time required for the train to travel the distance limited to appellee's view, and (2) circumstances which might reasonably have distracted his attention as he entered upon the tracks.

With regard to the first factor, appellee was entitled to assume, in the absence of knowledge to the contrary, that appellant would operate its train at a lawful rate of speed. However, it is established that an ordinance in the City of Aurora limited the speed of appellant's trains to 12 miles per hour, whereas there is evidence that appellant operated its train at a speed of 50 to 60

miles an hour. Appellee could not, therefore, be charged with negligence as a matter of law because he relied upon the assumption that appellant would operate its train at a lawful rate of speed and, because of its excessive speed, miscalculated the time during which he could safely cross the tracks. *Connor* v. *Jones, supra.* As to the second factor, the evidence discloses that the tarvia between the tracks was loose. The inference may well be drawn that this fact might reasonably have distracted the attention of the appellee as he entered upon the tracks.

Under the facts above presented, reasonable men might differ upon the question of the reasonable care exercised by appellee, even though he did not look a second time before entering upon the tracks of appellant's railroad. Under these circumstances, contributory negligence on the part of appellee was a question of fact for the jury, and this court is not at liberty to disturb its decision.

Judgment is, therefore, affirmed.

NOTE.—Reported in 111 N. E. 2d 483.