UNDERWOOD *v.* FERGUSON.

[No. 18,766. Filed April 9, 1956. Rehearing denied May 24, 1956. Transfer denied July 26, 1956.]

*Arthur A. Beckman, C. D. Rotruck,* of Anderson, and *Christian, Waltz & Klotz,* of Nobesville, for appellant.

*Jerrald O. Finney,* of Anderson, and *Compbell, Campbell & Malan,* of Noblesville, for appellee.

CRUMPACKER, J.—The appellee suffered personal injuries as the result of an automobile collision on a public highway in Madison County, Indiana, at about 6:30 in the evening of January 22, 1949. Charging that the appellant's negligence was the sole cause of said collision, the appellee brought this suit and recovered judgment in the sum of $3,000.

The case was tried to a jury upon a complaint which sought recovery on the theory that the appellant was driving an automobile in a southerly direction along State Highway No. 9 about 35 feet *immediately* ahead

of an automobile driven by the appellee's husband and in which she was riding as a guest passenger. That both cars were proceeding in the same direction at approximately the same speed when the appellant suddenly stopped his car without any warning whatsoever and the driver of the car in which the appellee was riding, having no opportunity to avoid the collision, struck the appellant's car as the result of which the appellee was injured. This complaint was put at issue by an answer in two paragraphs, the first of which is in conformity to Rule 1-3 and the second of which pleads contributory negligence on the part of the driver of the appellee's car and seeks to impute his negligence to the appellee on the theory that they were then engaged in a joint venture.

During the trial it developed, without dispute, that there was a third car involved in the incident as a part of the *res gestae* so to speak. This car was driven by one Robert Foley and was traveling in the same direction as were the Underwood and Ferguson cars. As the three cars approached the place of the accident the Underwood car was first, the Foley car second and the Ferguson car third. Such being the position of the cars the appellee concluded that the proof did not sustain her allegation that the appellant's car was *immediately* ahead of hers so she asked and was granted leave to amend her complaint by striking out the word "immediately." The appellant thereupon filed a third paragraph of answer pleading the two year statute of limitations.' A demurrer to this paragraph of answer was sustained and the propriety of that ruling is the first question presented by this appeal.

The statute of limitations was pleaded upon the theory that by amending her complaint as above indi-

cated the appellee pleaded a new and different cause of action which, not having been commenced within two years from the date it arose, could not be prosecuted. We are unable to follow appellant's argument in support of this proposition. It seems clear to us that the appellee's complaint with the word "immediately" stricken therefrom, counts on identically the same charge of negligence as did the complaint before the amendment. The presence of the word "immediately" in the original complaint has no bearing on its theory. With or without the amendment, the cause of action pleaded is the appellant's failure to give the signals required by law before stopping or suddenly decreasing the speed of his car in a situation where the appellee's car would necessarily be affected thereby. See Secs. 47-2023, 47-2024, 47-2025, Burns' 1952 Replacement. Our code of civil procedure authorizes the court to permit a pleading to be amended by "inserting, striking out or modifying any material allegations in order that the pleading may conform to the facts proved, where the amendment will not deprive a party of any substantial right." *Chicago, etc., R. Co.* v. *Collins* (1924), 82 Ind. App. 41, 142 N. E. 634, 143 N. E. 712. Had the amendment in question set up a new cause of action which was barred by the statute of limitations it would have been error to have sustained a demurrer to an answer pleading the statute. That, however, is not the present situation. No new cause of action was pleaded by the amendment and we fail to see in what respect the appellant was deprived of any substantial right thereby. We find no error in connection with this phase of the appeal.

The trial court is next charged with error in overruling the appellant's motion for a directed verdict in

his favor made at the close of all evidence in the case. A decision on this contention requires a scrutiny of the evidence most favorable to the verdict. Such evidence indicates that the accident in controversy happened at about 6:30 in the evening of January 22, 1949, at the foot of a winding hill on State Highway No. 9 a short distance south of the town of Alexandria in Madison County, Indiana. At that time and place three cars were proceeding down the hill in a southerly direction in single file on the right side of the highway and traveling at about forty miles per hour. This little procession was led by the appellant and about 100 feet back of him was a car driven by Robert Foley and in the rear, from 75 to 80 feet back of Foley, came the appellee's car. As the appellant approached the foot of the hill he slowed down without giving any hand signal of his intention to do so, drove his car to the right and stopped it half on the berm and half on the pavement. As the appellant did this Foley suddenly slowed down and the driver of the appellee's car, in order to avoid hitting Foley, swerved to the right and ran directly into the appellant's car which was then parked half on the pavement and half on the berm as above described. Neither the appellee or the driver of her car saw the appellant's car until a moment or two before the collision but both testified that they saw no lights on it whatever.

We think these facts tend to show that the appellant slowed down and stopped his car without giving the signals required under the circumstances by Secs. 47-2023, et seq., *supra,* and therefore make a *prima facie* case of negligence. Even so the appellant contends that there is no evidence that such negligence was the proximate cause of the accident but on the contrary the evidence compels the conclusion

that it had nothing to do therewith because neither the appellee or driver saw the appellant's car until a moment before the impact and they would not have seen any signals had they been given. This does not appeal to us as sound argument. The inference is strong that the appellant's negligence set in motion a chain of events, unbroken by a separate and independent act of negligence, that ultimately resulted in the appellee's injuries and without which such result could not have occurred. *Louisville and Jeffersonville Ferry Company* v. *Nolan* (1893), 135 Ind. 60, 34 N. E. 710; *Bessler* v. *Laughlin* (1907), 168 Ind. 38, 79 N. E. 1033. The Supreme Court said in *New York, etc., R. Co.* v. *Hamlin* (1908), 170 Ind. 20, 83 N. E. 343: "The proximate cause is that which originates and sets in motion the dominating agency that necessarily proceeds through other causes as mere instruments, or vehicles, in a natural line of causation to the result."

What we have said presents the appellee's side of the picture only. There is much testimony in the record which, had the jury accepted it, would have justified a finding for the appellant but with that we are not permitted to concern ourselves. We may also add that there is evidence in the record suggesting contributory negligence on the part of the driver of the appellee's car but that also does not concern us as there is not one iota of evidence which, under applicable law, imputes such negligence to the appellee.

Our discussion of the appellant's motion for a directed verdict disposes of his contention that the verdict ultimately returned by the jury is not sustained by sufficient evidence. Obviously evidence sufficient to take a case to the jury is sufficient to sustain a verdict based thereon.

The appellant next complains that damages in the

sum of $3,000 are excessive. In this connection the evidence tends to prove that as the result of the collision in controversy she was knocked unconscious and confined to her bed for six weeks. She has suffered severe vaginal hemorrhages, chronic back pains necessitating the wearing of a brace, loss of weight, menstrual irregularity, inability to perform her household duties all of which, according to her doctor's testimony, could very well be the proximate consequences of the accident. We see nothing in a $3,000 verdict that indicates the jury was prompted by anything but a desire to fairly compensate the appellee for her injuries.

Finally the appellant contends that the court erred in refusing to give the jury two instructions tendered by him which were applicable to the evidence and correct statements of the law. Even so their refusal was not error if the court accurately covered their subject matter in other instructions given. The appellant's brief does not set out the instructions given by the court and we are unable to determine whether they cover the subject matter of those refused without resort to the record. This we decline to do for the purpose of reversal as the burden is on the appellant to present us with a brief showing error and in the absence of such a brief we prefer to indulge the presumption that the trial court fully and accurately instructed the jury concerning the law of the case.

Judgment affirmed.

NOTE.—Reported in 133 N. E. 2d 573.