LEMONS *v.* SUPERIOR MACHINE TOOL
COMPANY, ETC.

[No. 19,033.   Filed February 6, 1962.]

*Floyd F. Cook* and *Cook, Cook, Bayliff & Mahoney,* of counsel, of Kokomo, for appellant.

*Joseph A. Noel, Jump Noel & Lacey,* and *LeRoy M. Lacey, Jr., Robert J. Kinsey* and *Jerry L. Angel,* all of counsel, all of Kokomo, for appellee.

BIERLY, J.—In this action by appellant against appellee seeking damages for personal injuries allegedly resulting from certain alleged acts of negligence by appellee, the verdict of the jury was for the latter and

judgment on the verdict was against appellant. The overruling of appellant's motion for a new trial is the sole assigned error.

Appellant's third amended complaint alleged, in substance, that on October 25, 1951, appellant was a truck driver for the Becraft Motor Express, Inc., and "as a part" of his employment with the latter he was employed "only to drive and operate a truck" and no part of his duties "permitted" him to unload freight; that on the date aforesaid he drove said truck loaded with steel to the plant of the appellee for the purpose of having it then and there unloaded by appellee; that to unload said truck it was necessary to use hoists and cranes; that appellee's employees and servants "requested" appellant to give a hand and help in unloading said steel; that at the time he "went to the assistance" of said employees he "stepped outside the scope of any employment" with his employer, was performing a service completely outside of his employment with his employer, against the express rules and regulations of "the Union Contract which existed" and not with the previous knowledge or consent of his employer; that in assisting said employees of appellee, he was not an employee of the latter, but that such act was performed "on his own as an accommodation" to said employees. The said act of assistance was not necessary to his life, comfort and convience and was not "incidental" to his employment, and was not an act growing out of his employment, and in the course of his employment, so that appellant at said time "was not subject to the provisions of the Indiana Workman's Compensation Act."

It is further alleged that while he stood beside his load of steel at the direction of appellee's employees, the latter attached some chains around a bundle of

steel and started to lift it with the use of a hoisting lift, and "without any warning" to appellant, "suddenly" lifted said bundle of steel and caused it to swing "off of the truck" and directly toward appellant; that appellee was then and there careless and negligent in certain alleged particulars; and that as a direct and proximate result of appellee's carelessness and negligence, appellant was injured in certain alleged particulars.

Appellant's original action was duly commenced and his first complaint filed on October 24, 1952, his second amended complaint was filed on March 21, 1955, and his third amended complaint was filed on June 6, 1956. On September 14, 1956, appellee filed its answer in the general nature of a denial of the material averments of said third amended complaint, and on November 26, 1956 filed a second paragraph of answer to said third amended complaint, alleging, in substance, that at the time alleged in said third amended complaint, viz: October 25, 1951, appellant was employed by the Becraft Motor Express, Inc., and "as such" was entitled to the benefits of the Indiana Workman's Compensation Act; that appellant asserted no cause of action against appellee until more than six months had elapsed from after October 25, 1951; and that by reason of the foregoing, appellant's cause of action is barred by the Statute of Limitations. Appellant replied in denial of said second paragraph of appellee's answer. On the issues thus formed the case went to trial with the result above stated.

Appellant's motion for a new trial consists of thirteen specifications of error. As appellant bore the burden of proof of the allegations of his third amended complaint, specification number 1 of the new trial motion, asserting insufficiency

of the evidence is unavailable to him insofar as the material allegations of his third amended complaint are concerned. Specifications two and three assert that the verdict of the jury is contrary to law. Specification No. 4 of said motion charges error in the refusal to give certain numbered instructions tendered by appellant, and Specification No. 5 thereof asserts error in the giving by the court of certain numbered instructions tendered by appellee. In its brief, the latter states that no error can be predicated by appellant on the refusal to give and the giving by the court of said severally complained of instructions inasmuch as appellant failed to bring into the record all the instructions given by the court. In his reply brief, appellant says that all the instructions given "at the conclusion" of the case are in the "record," and that the court's preliminary instructions "apparently are not in the record."

Rule 2-17 (d) of the Supreme Court Rules provides that when error is predicated on the giving or refusal of instructions, the appellant's brief "must maintain in addition to those complained of, all the instructions given or tendered which have a bearing upon the questions raised." We are unable to determine from the briefs filed herein whether or not the concededly omitted instructions have or could have a bearing on the questions sought to be presented by appellant. To simply say that those omitted are "preliminary" instructions fails to establish that they are without any bearing on such questions. Since the omitted instructions are not in the record at all, as appellant concedes, we are deprived the privilege of ascertaining for ourselves, even though it is not our duty so to do, whether such omitted instructions do or may be said to have a

bearing on the questions sought to be presented. We are thus precluded from determining the errors claimed by appellant in said Specifications Nos. 4 and 5 of said new trial motion. *Iterman* v. *Baker* (1938), 214 Ind. 308, 319, 15 N. E. 2d 365; *Smith* v. *Gerner* (1949), 119 Ind. App. 247, 249, 85 N. E. 2d 516; *The M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489, 498, 73 N. E. 996; *Hall* v. *State ex rel. Freeman* (1944), 114 Ind. App. 328, 335, 52 N. E. 2d 370.

Specification No. 6 of the new trial motion asserts error by the court in admitting into evidence, over appellant's objection, of what are referred to as appellee's Exhibits A. to N., inclusive. These exhibits appear to be certified copies of proceedings before the Industrial Board of Indiana instituted by appellant on November 18, 1952 seeking compensation from his employer, Paul R. Syner, d/b/a Becraft Motor Express, for personal injuries received by appellant on October 25, 1951 by reason of an accident "arising out of and in the course of his employment." It further appears from said exhibits that an award was made in appellant's favor based on an agreement between appellant and his said employer and that appellant received benefits thereunder; that by reason of a change in physical impairment, a further award was made by said Board on April 9, 1953, for benefits beginning on October 25, 1951, with credit for the benefits previously paid to appellant; that as the result of a petition by appellant on July 6, 1954, and a letter from his counsel dated July 1, 1954, said Board on November 24, 1954, set aside said award of April 9, 1953.

Appellant's objection to said Exhibits A. to N. inclusive, and the errors charged to the court in rejecting certain evidence proferred by the appellant, as

asserted in Specifications 7 to 13, inclusive, of said motion, all seem to reach to the same point and seek the same end. As we understand appellant's briefs, it is claimed by him that said Exhibits A. to N., inclusive, were offered in evidence by appellee in an effort to establish that appellant at the time of the accident was then acting in the course of his employment and that his injuries arose out of his employment, to the end of sustaining its answer that the action had not been commenced within the six months limitation provided by Section 13 of the Workman's Compensation Act, the same being Section 40-1213, Burns' Ind. Stat., 1960 Replacement; that said Exhibits show that the award to appellant had been set aside by the Industrial Board and, therefore, the proceedings became null and void and the Exhibits thereof were inadmissible to sustain appellee's said answer. It is further claimed that the evidence he sought to adduce and which was rejected by the court, as set forth in said Specifications 7 to 13, inclusive, was intended to establish that at the crucial time he was not acting in the course of his employment and that his accidental injuries did not arise out of his employment.

Appellant further claims, in effect, that although it has been long settled in this state that the limitation of action provisions of the Workman's Compensation Act become a part of every employment contract between an employer and employee, yet that a third person tort feasor, such as appellee, is not, under the said statute, a party to the employment contract, and, therefore, is not in a position to object to the change in such statutory employment contract which occurred when said Section 13 of the Workman's Compensation Act was amended by the Legislature in 1955 so as to

give the injured employee two (2) years instead of six (6) months, in which to institute an action against a third party tort feasor.

Later appellant advances the argument that although "under the Compensation Act" as it existed prior to the 1955 amendment, he "lost his right to enforce his remedy for damages against appellee," yet the Legislature had authority to "revoke the defense and restore appellant to his remedy," and that his right, so given to pursue such remedy, "is the crux of this appeal."

It seems evident in view of appellant's complicated and perhaps even contradictory position, that in order to definitely and correctly determine the various grounds and contentions sought to be urged by appellant, a careful study and interpretation of the pertinent provisions of the referred to Workman's Compensation Act, and particularly to said Section 13 thereof and the amendatory act of 1955, would be imperative. However, we are not permitted so to do because in none of the briefs filed in this appeal are the provisions of any of said statutes set forth either verbatim or in pertinent comprehensive substance.

General statements and expressed conclusions as to the limitation periods contained in said statutes are sprinkled through the briefs, but the varied proposals and tenets advanced by appellant require, for adequate consideration, much more knowledge of the provisions of the involved statutes than the mere period of limitation which may be provided therein. For instance, such questions as whether, under the exact wording of such statutes, a third party tort feasor may rely on the limitation of time provided therein; whether, as appellant asserts, he may maintain the action to the extent that his employer or carrier may

be subrogated to the amount of benefits paid to appellant, under the said award of the Industrial Board; whether, as appellant urges, the appellee, in order to take advantage of the limitation provided in the Compensation Act, was required to bear the burden and establish not only that appellant was an employee of another but that his injuries arose out of and were sustained in the course of his employment; to what extent and in what respects the 1955 Amendment changed, altered, affected, or repealed the provisions of the referred to Section 13 of the Compensation Act, and other equally important questions, can be determined only by a consideration of the wording, context, and various provisions of the statutes having pertinent application.

The question which appellant says is the "crux of this appeal" is bound up in the provisions of the several statutes mentioned by appellant. Yet, notwithstanding the requirement of Rule 2-17 (e) of the Supreme Court Rules that in the argument portion of his brief appellant must cite and set out "verbatim" the relevant parts of such statutes "as are deemed to have an important bearing," appellant has failed so to do.

Such failure constitutes a waiver of the several contentions urged by appellant. *Lander* v. *State* (1958), 238 Ind. 680, 685, point 6, 154 N. E. 2d 507; *Underwood* v. *Ferguson* (1956), 126 Ind. App. 643, 650, 133 N. E. 2d 573; *Indiana Bonding and Surety Company* v. *State* (1961), 132 Ind. App. 626, 178 N. E. 2d 65, 66, points 1, 2.

Although it is our desire to decide cases on their merits, we may not consider sufficient a brief which is prepared with a disregard of the applicable rules. The onus of demonstrating error by the record is

upon appellant and this burden can be carried only by adherence to the rules and by the presentation of briefs prepared in substantial compliance therewith.

Appellant makes no contention that any uncontradicated evidence established the acts of negligence by appellee which were charged in the third amended complaint.

For the reasons given we are required to conclude that appellant has not shown error by the record and that the judgment must be affirmed.

Judgment affirmed.

Kelley, P. J., Gonas and Pfaff, JJ., concur.

NOTE.—Reported in 179 N. E. 2d 750.