THE PENNSYLVANIA RAILROAD COMPANY ET AL. *v.* MINK.

[No. 20,051. Filed January 3, 1966. Rehearing denied February 16, 1966.]

Hugh R. Couch, of Martinsville, and Edward B. Raub, Jr., George C. Forrey III, and William A. Wick, of Indianapolis, for appellants.

Howard J. DeTrude, Jr., and A. L. Payne and Armstrong, Gause, Hudson & Kightlinger, of counsel, of Indianapolis, for appellee.

FAULCONER, J.—Appellee, while driving a 1953 Pontiac automobile west on Hill Camp Road in Johnson County, Indiana, collided with a train operated by appellant, George C.

Bowen, and owned by appellant, The Pennsylvania Railroad Company, (hereinafter referred to as appellant-railroad), traveling south on its tracks where they intersect said road. Trial was by jury which returned a verdict for appellee, and judgment was duly entered thereon. Appellants' motion for a new trial was overruled and such action is assigned as error here.

Appellants contended at the close of the evidence in the trial court, and here contend, that the evidence shows that appellee was contributorily negligent as a matter of law and that the trial court should have so held and granted their peremptory instruction for a directed verdict in their favor, and that the refusal of the trial court to so do was reversible error.

In *Slinkard* v. *Babb, Wilson* (1954), 125 Ind. App. 76, at page 80, 112 N. E. 2d 876, 117 N. E. 2d 564 (Transfer denied), this court said:

"It is well settled that the trial court may, and it is its duty upon proper request, to direct a verdict for the defendant in cases where the evidence most favorable to the plaintiff, together with all reasonable inferences which a jury might draw therefrom, is insufficient to establish one or more facts essential to the plaintiff's right of action. *Patterson* v. *Southern R. Co. of Ind.* (1912), 52 Ind. App. 618, 99 N. E. 491; *Cleveland, etc., R. Co.* v. *Haas* (1905), 35 Ind. App. 626, 74 N. E. 1003; *Tabor* v. *Continental Baking Co.* (1941), 110 Ind. App. 633, 38 N. E. 2d 257.

"The foregoing rule only applies where it clearly appears that the evidence fails to establish one or more of the facts essential to a recovery, and where the facts and the reasonable inferences which may be drawn therefrom are not disputed and where the only possible inference to be drawn therefrom is favorable to the party asking the instruction." (Citing authorities.)

See also: *Phares* v. *Carr* (1952), 122 Ind. App. 597, 599-600, 106 N. E. 2d 242.

The evidence most favorable to appellee discloses that at about ten o'clock a.m., on the morning of the collision appellee

drove his automobile east on Hill Camp Road to Shelbyville to obtain a part for a friend's car. In going to Shelbyville appellee crossed appellant-railroad's tracks and noticed boxcars parked north of the crossing on one of the tracks. The boxcars were parked on a "stack track" immediately west of the main track and had been observed by appellee on several occasions prior to the collision. As appellee was returning from Shelbyville he was traveling west on Hill Camp Road between eleven o'clock a.m. and twelve noon, at approximately 30 miles per hour. As appellee reached a rise in the road east of the crossing he looked to the north and saw the same boxcars parked that he had seen earlier, but did not see the train of appellant-railroad traveling south on the main line. Appellee testified that when he arrived at the tracks there was a stop sign and that he stopped. He testified further that after stopping immediately east of the tracks he looked to the north and south, then straight ahead; that he did not see a train, nor did he hear a train or train whistle, or train signals; and that he started across the tracks and was struck by a train of appellant-railroad. The evidence further discloses that the train of appellant-railroad consisted of 13 cars being pulled south by a diesel engine which engine was going backwards, the rear of the engine being towards the crossing.

> "The general rule is that the question of contributory negligence is one of fact for the jury when the evidence on the point is in dispute, or is conflicting, or is so that different minds may reasonably draw different conclusions or inferences on the issue of contributory negligence. *Larkins* v. *Kohlmeyer* (1951), 229 Ind. 391, 98 N. E. 2d 896; *Baltimore & Ohio R. Co.* v. *Daugherty* (1953), 123 Ind. App. 373, 111 N. E. 2d 483." *Leppert Bus Lines, Inc.* v. *Rayborn* (1962), 133 Ind. App. 325, 331, 182 N. E. 2d 260; *New York Central Railroad Co.* v. *Glad* (1962), 242 Ind. 450, 453, 179 N. E. 2d 571; *Pittsburgh, Cincinnati and St. Louis Railroad Company* v. *Spencer et al.* (1884), 98 Ind. 186, 190.

The law is well settled that it is only in cases where the

facts are without conflict and but a single inference can be drawn therefrom that this court can say, as a matter of law, that a course of conduct shown constitutes contributory negligence. *N. Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 190, 106 N. E. 2d 453; *Baltimore & Ohio R. Co.* v. *Reyher, Admx.* (1940), 216 Ind. 545, 552, 24 N. E. 2d 284. 2 Ind. Law Encyc., Appeals, § 574; p. 495.

In *N. Y. Central Ry. Co.* v. *Milhiser, supra,* at page 189 of 231 Ind., page 458 of 106 N. E. 2d, our Supreme Court said:

"It has been held many times that all reasonable presumptions are indulged on appeal in favor of the rulings and judgments of a trial court, that the record must exhibit the errors for which the reversal is sought, and that a court of appeals will not presume anything in favor of appellant to sustain his alleged error." (Citing authorities.)

It is the duty of the appellant to so prepare his brief that a printed copy of the record for each judge will be unnecessary for him to be properly advised on each matter involved in the appeal. *Board of Med. Regist. and Exam., etc.* v. *Bowman* (1958), 238 Ind. 532, 533, 150 N. E. 2d 883; *Israel* v. *Logansport Aerie F. O. E.* (1964), 136 Ind. App. 254, 199 N. E. 2d 730, 731.

"It is a well-settled rule that the Appellate Court will not search the record to seek sufficient evidence to support a reversal for the appellant." *Farm and Home Ins. Co.* v. *Konradi* (1964), 136 Ind. App. 356, 199 N. E. 2d 726, 729.

It is the duty of a person knowingly approaching a railroad crossing to exercise care for his own safety. The degree of care is ordinary and reasonable care according to the circumstances surrounding each case. *Central Indiana R. Co.* v. *Wishard* (1917), 186 Ind. 262, 268, 114 N. E. 970; *The Chicago and Eastern Illinois R. R. Co.* v. *Hedges, Administratrix* (1886), 105 Ind. 398, 406, 7 N. E. 801;

*Baltimore & Ohio R. Co.* v. *Daugherty* (1953), 123 Ind. App. 373, 378, 111 N. E. 2d 483; 44 Am. Jur., Railroads, § 529, p. 774.

He is not, however, bound to exercise such a high degree of care as practically to insure his own safety. *Pittsburgh, etc. R. Co.* v. *Terrell* (1912), 177 Ind. 447, 455, 95 N. E. 1109, 42 L. R. A., N. S. 367; *Miller* v. *Pennsylvania Railroad Company* (7th Cir., 1956), 233 F. 2d 535, 538.

Railroad companies owe to the traveling public the duty of exercising reasonable care in the operation of their trains to avoid injury to persons at places where the tracks and the highway cross. *New York Central R. R. Co.* v. *Casey* (1938), 214 Ind. 464, 469, 14 N. E. 2d 714; *Pittsburgh, etc., R. Co.* v. *Pence* (1916), 185 Ind. 495, 501, 113 N. E. 7; 44 Am. Jur., Railroads, § 493, p. 731.

What constitutes ordinary and reasonable care on the part of a railroad company is to be determined in the light of all of the surrounding facts and circumstances. *Miller* v. *Pennsylvania Railroad Company, supra* (7th Cir., 1956), 233 F. 2d 535, 537.

Appellants first argue that the undisputed evidence shows that the view which appellee had when approaching the crossing from the east was clear and unobstructed, and that the collision could not have occurred if appellee had exercised due care in watching for oncoming trains.

Appellee's evidence shows that when he approached the rise east of the track, the closest one to the track, he had occasion to look to the north along the railroad track and saw the same boxcars which he had seen earlier; and that he did not see any train, and did not hear any train.

A witness watching out of the west window of a house on the south side of the road about 200 yards east of the tracks testified that he watched appellee's car from where it passed said house all the way to the crossing; that he saw

the collision; that he was looking generally west and north; that he could "see as far as where there were some freight cars banked," and that he saw the train "when it hit the car."

Another witness testified that there was the normal accumulation of growth at the fence line on the north side of the road near the crossing; and also to a raised portion of land east of the railroad and north of the blacktop road, and that the peak of such raised portion of land is six or seven hundred feet north of the blacktop road.

There were a number of photographs introduced into evidnece in the trial court in this cause of the automobile, the engine, the crossing and the general surroundings. None of such photographs are in appellants' brief but they have been referred to therein. However, this is limited to such matters as where the photographer was standing and in which direction the picture was taken, and generally what they depicted. Although many witnesses testified regarding the surroundings generally, there is a surprising lack of any testimony concerning the specific view one would have north of this road from the points at and east of the tracks. The only clear evidence concerns the boxcars on the side track immediately west of the main line to the effect that the south end car was 320 feet north of the highway and consisted of ten to fifteen cars, "box car red."

The engineer of appellant-railroad's train testified that he first saw appellee's automobile when the engine was about halfway between the whistle post and the highway, or one-fourth mile from the crossing; that he had blown the whistle and sounded the bell at the whistle post and continuously from the quarter mile point to the collision. Although the brakeman, conductor and fireman corroborated the giving of signals, in light of appellee's testimony, and the testimony of other witnesses that they heard only "short toots" just before the collision, the question of the giving of the signals required by statute was properly submitted to the jury.

In determining whether or not the train was "plainly visible" within the meaning of the statute the jury must determine whether it was plainly visible to a person exercising reasonable care under all the existing circumstances. *New York Cent. R. R. Co.* v. *Wyatt, Admrx.* (1963), 135 Ind. App. 205, 225, 184 N. E. 2d 657, 667 (Transfer denied).

Appellee testified that he looked for approaching trains at the rise east of the tracks and again at the stop sign before proceeding onto the tracks.

"[T]he exercise of due care did not impose upon decedent the duty to look for approaching trains when he was at any precise place or distance from the tracks, so long as he did look when and where such observations were reasonably calculated to be effective; nor was he required to look to one side first in preference to the other." *Baltimore & Ohio R. Co.* v. *Reyher, Admx., supra* (1940), 216 Ind. 545, 554, 24 N. E. 2d 284; *Pettibone* v. *Howard* (1941), 218 Ind. 543, 549-550, 34 N. E. 2d 12; *Pennsylvania R. R. Co.* v. *Hemmer, Admx.* (1934), 206 Ind. 311, 338-340, 186 N. E. 285, 189 N. E. 137.

The jury was also entitled to consider appellants' negligence, if any, together with other pertinent facts in determining the question of whether appellee was contributorily negligent. *New York Cent. R. R. Co.* v. *Wyatt, Admrx., supra* (1963), 135 Ind. App. 205, 226, 184 N. E. 2d 657 (Transfer denied); *Bartley* v. *Chicago & E. I. R. Co.* (1940), 216 Ind. 512, 522, 24 N. E. 2d 405; *Pennsylvania R. Co.* v. *Sargent, Admrx.* (1949), 119 Ind. App. 195, 202, 83 N. E. 2d 793; *Pearson* v. *Baltimore & Ohio R. Co. (7th Cir.,* 1953), 200 F. 2d 569, 573.

Appellants strongly urge that the physical evidence is such that reasonable men could only conclude that if appellee looked he did not see that which was obvious to any reasonable, prudent man and, therefore, appellee was contributorily negligent as a matter of law.

Appellee states in his brief that,

"Under these physical facts it is not unreasonable to draw the inference that as Appellee approached the crossing, stopped, and looked north, the train had reached a point just north of the parked box cars and in looking north the short train with the engine backing up blended in with the parked box cars so that Appellee thought there was only the parked box cars on the track. There being no whistle or bell sounded, Appellee proceeded across the tracks and was struck."

That weather and atmospheric conditions, the color of objects and their background can affect the visibility of objects at night as well as in the daytime has been recognized by our Supreme Court. *Opple et al.* v. *Ray* (1935), 208 Ind. 450, 458, 195 N. E. 81; *N. Y. Central Ry. Co.* v. *Milhiser, supra* (1952), 231 Ind. 180, 188, 106 N. E. 2d 453.

That the burden of establishing plaintiff-appellee's contributory negligence was upon defendants-appellants is so well established in Indiana as not to necessitate citation of authority.

Our Supreme Court in *Central Indiana R. Co.* v. *Wishard, supra* (1917), 186 Ind. 262, at pages 268-269, 114 N. E. 970, said:

"The courts of this State have been very cautious in stating that any special acts or precautions were required in the exercise of ordinary care, generally leaving that question to the jury. This court has declared as a matter of law that ordinary care requires a person about to cross a railroad track to use his senses of sight and hearing, but it has never said that he must stop or that he must look or listen at any particular place, except that he should exercise reasonable care to look or listen at some place where such precautions would enable him by the exercise of such care to see or hear the approach of a train. *Pittsburgh, etc., R. Co.* v. *Dove* (1915), 184 Ind. 447, 111 N. E. 609, and cases there cited."

This was reaffirmed in *Bartley* v. *Chicago & E. I. R. Co., supra* (1940), 216 Ind. 512, 524, 24 N. E. 2d 405.

Judge Kelley, speaking for this court, in *Chesapeake & Ohio*

*Ry. Co.* v. *Pace* (1961), 132 Ind. App. 321, at pages 328-329, 175 N. E. 2d 895, 899, stated:

"In our opinion, it is amiss to say, as appellant intimates, that, in this particular case, it is only the testimony of appellee to which consideration is to be limited in determining the question of contributory negligence. The jury could properly consider, we think, the photographs, the failure of appellant to sound its whistle and bell as alleged in the complaint, and all other circumstances and conditions attending the incident, in determining the issue of appellee's alleged contributory negligence and whether such negligence proximately contributed to his injury and damage. Further, the jury was authorized to draw reasonable inferences from the whole of the evidence and 'to determine what assertions made by a particular witness are true and what assertions made by the same witness are untrue.' Quotes from *Lincoln National Bank & Trust Company of Fort Wayne* v. *Parker* (1941), 110 Ind. App. 1, 9, 34 N. E. 2d 190."

Appellants ask us, as they did the trial court, to hold that from the evidence in this record and considering all of the surrounding circumstances shown and the legitimate inferences to be drawn from such evidence, reasonable men could draw but one conclusion—that the appellee was guilty of negligence proximately contributing to his injury.

"What a person of ordinary prudence would do or refrain from doing under a given state of conditions and circumstances and in view of the dangers to be anticipated, is generally a question of fact for the decision of a jury. The only exception to the rule arises where the conditions and circumstances and all other facts bearing on the question are undisputed, and where they give rise to a single inference or conclusion concerning which all reasonable minds would agree. These propositions have been so often stated as to require no authorities to sustain them." *Cleveland, etc. R. Co.* v. *Baker* (1921), 190 Ind. 633, 640, 128 N. E. 836.

By its general verdict the jury found that appellants were negligent in the operation of the train which negligence was the proximate cause of appellee's injuries, and that appellee was not guilty of contributory negligence.

We are of the opinion, after a review of the evidence in this case, considering also the lack of evidence, and in light of all of the surrounding circumstances, that there was sufficient evidence, or legitimate inferences therefrom, to support the verdict of the jury, and that the question of appellee's alleged contributory negligence was properly submitted to the jury and was not a matter for determination by the trial court.

Appellants argue that the photographs in the record show the view that appellee had to the north as he approached said tracks which photographs conclusively prove that appellee, if he had used reasonable care, could have seen the train approaching. The jury, of course, was not restricted to the photographs introduced in determining the various issues and was the judge as to their weight and credibility. The photographer (appellant-railroad's claim adjuster), on cross-examination, testified that the eye-level of a person sitting in appellee's automobile would be lower "a foot to six inches" from the level of his camera.

Appellants further contend that appellee was likewise guilty of contributory negligence, as a matter of law, in failing to stop at the stop sign posted at the crossing.

Appellants allege that, "there is no evidence that the plaintiff [appellee] came to a stop east of the railroad crossing where the accident occurred, as required by the foregoing statutes." An examination of the evidence discloses testimony from which the jury could have found that appellee stopped his automobile prior to entering upon the tracks. Admittedly, such evidence is somewhat indefinite and in direct conflict with testimony of witnesses for appellants but, of course, we do not weigh the evidence or judge the credibility of the witnesses on appeal.

The questions of appellants' negligence, the proximate cause of the collision and appellee's injuries, as well as whether appellee's conduct was that of a reasonable, prudent person under all of the circumstances were, in our opinion,

properly submitted to the jury for determination. We cannot say, as a matter of law, that the evidence and inferences therefrom could only lead reasonable men to the conclusion that appellee was contributorily negligent under the facts and circumstances of this case. Therefore, the trial court properly denied appellants' motion for a directed verdict at the close of all the evidence.

Appellants next assert error in the trial court's giving, over appellants' objections, of appellee's tendered Instructions Nos. 3, 6, 8, 12 and 16.

Plaintiff-appellee's tendered Instruction No. 3, the giving of which is assigned as error, was objected to in the trial court by appellants on the grounds that,

> "It is presumed there are certain facts in evidence that there is doubt about. It repeats evidentiary facts and there are doubts about that. It suggests possible evidentiary evidence that there are doubts about. It invades the province of the jury. It also is a mandatory instruction as you may see from the end of the instruction that 'You may find for the Plaintiff.' I am quoting that. The Court already has an instruction on proximate cause."

This instruction fails to meet the requirements of a mandatory instruction and, therefore, is not subject to that objection. *Vance* v. *Wells* (1959), 129 Ind. App. 659, 667, 159 N. E. 2d 586. 2 F. & W. Ind. Pract., § 1510, p. 89 (1963 P. P.).

An objection that an instruction invades the province of the jury and directs the jury to find a verdict in favor of the plaintiff has been held not to be sufficient to preserve any question on appeal. *Cauldwell, Inc., et al.* v. *Patterson* (1962), 133 Ind. App. 138, 157-158, 177 N. E. 2d 490.

Appellants fail to state in their objection what facts in doubt are presumed, repeated or suggested, and in what way appellants were prejudiced. Appellants' reference to another

instruction on proximate cause leaves us in doubt as to what their specific objection may be.

We are prevented from examining this instruction in the light of others given due to the failure of appellants to set forth in their brief all instructions given bearing on the point in contention. We cannot say on such meager argument and objection that the giving of the instruction was error, or, if error, prejudicial to appellants.

Appellants assign as error the court's giving of appellee's tendered Instruction No. 6 which reads as follows:

"If you find, from a preponderance of the evidence, that the defendant's train failed to give both of the required statutory signals of its approach to the crossing, I instruct you that the defendant was negligent in the operation of its train and such fact may be properly considered by you, together with all of the evidence in the case in determining whether or not plaintiff, Robert Mink, was contributorily negligent."

Appellants objected to the giving of this instruction by the trial court "for the reason that if there was a failure of the train crew to give the required signals this would not relieve the Plaintiff [appellee] from the exercise of due care to discover the approach of the train."

This instruction is a correct statement of the law. *Bartley v. Chicago & E. I. R. Co., supra* (1940), 216 Ind. 512, 522, 24 N. E. 2d 405; *New York, Chi., etc. R. R. Co. v. Henderson* (1958), 237 Ind. 456, 471, 146 N. E. 2d 531, 147 N. E. 2d 237.

This court, in considering a similar instruction in *Chesapeake & Ohio Ry. Co. v. Pace, supra* (1961), 132 Ind. App. 321, at page 335, 175 N. E. 2d 895, 177 N. E. 2d 381, said:

"The instruction, not being mandatory, must be read as a whole and in connection with all of the other instructions given to the jury."

Again, we are prevented from considering said instruction in light of all the other instructions given. However, we feel that the objections made by appellants to appellee's Instruction No. 6 is amply covered by appellants' Instruction No. 6, which was also given and reads as follows:

"I instruct you that if you should find from a fair preponderance of all of the evidence that the defendant The Pennsylvania Railroad Company's train crew did not give the statutory signals of the approach of the train to the crossing, this did not relieve the plaintiff who was about to pass over the railroad from the exercise of due care to discover the approach of the train."

Appellee's tendered Instruction No. 12 given by the court stated:

"Plaintiff, Robert Mink, while approaching the crossing in question, had a right to assume that the defendant would sound the locomotive whistle and bell as required by law as the locomotive approached the crossing, and he had a right to rely on that assumption in approaching the crossing, until the contrary appeared to him or should have appeared to him in the exercise of ordinary care. You may take plaintiff's right to rely on this assumption into consideration in determining from all of the evidence, whether in your judgment, he exercised ordinary care in his approach to the crossing."

Defendants-appellants' objection thereto reads, in pertinent part, as follows:

"[I]f there was a failure on the part of the Defendants to sound the whistle or bell this did not relieve the Plaintiff in the exercise of reasonable care to discover the approach of the train."

A similar instruction was approved by this court in *Payne, Director* v. *Burnett* (1922), 78 Ind. App. 64, 70-71, 133 N. E. 147. Appellants' objection to this instruction is also adequately covered by the court's giving of appellants' Instruction No. 6.

Appellants' argument in their brief on the assigned error in the court's giving of plaintiff-appellee's Instructions Nos. 8 and 16 certainly leaves much to be desired. Their objection to Instruction No. 8 states that, "there is no evidence to support a finding of the failure of the defendants' employees to keep a look-out," while their objection to Instruction No. 16 alleges that, "under the undisputed evidence in this case Plaintiff could not have helped seeing the train if he had used due care for his own safety to look." Appellants cite no authorities in the argument portion of their brief for their propositions of error, nor do they state to what extent and in what way the evidence was lacking in the one instance or "undisputed" in the other. Appellants do not contend that these instructions are not correct statements of law. Suffice to say that a review of the evidence on our part fails to convince us that the record would substantiate such claim of appellants.

Specification 5 of appellants' motion for new trial asserts as error the refusal of the trial court to give their tendered Instructions Nos. 2, 12, 15 and 16. Inasmuch as appellants only argue the refusal to give their tendered Instructions Nos. 2, 15 and 16, any error as to Instruction No. 12 is waived. *Gernhart* v. *State* (1954), 233 Ind. 470, 471, 472, 120 N. E. 2d 265.

Rule 2-17 (d), Rules of the Supreme Court, provides, *inter alia,* that when error is predicated on the giving or refusal of instructions, appellants' brief "must contain, in addition to the instructions given or refused which are complained of, all the instructions given or tendered which have a bearing upon the questions raised." Those instructions not contained in appellants' brief are also absent from the record. We are, therefore, unable to determine from the record before us or the briefs filed herein whether or not the omitted instructions have, or could have, a bearing on the questions sought to be presented by appellants. To simply say, as do appellants, that the omitted instructions are "preliminary" instructions

fails to establish that they are without any bearing on such questions. Since the omitted instructions *are not in the record* whatsoever, as appellants concede, we are deprived of the opportunity of ascertaining for ourselves, whether such omitted instructions do, or may be said to have a bearing on the question sought to be presented. *Lemons* v. *Superior Machine Tool Co. etc.* (1962), 133 Ind. App. 19, 22-23, 179 N. E. 2d 750.

The law in Indiana is clear that where error is claimed in refusing to give an instruction tendered, it is necessary to set forth all of the instructions given. *Woods* v. *State* (1955), 234 Ind. 598, 603, 130 N. E. 2d 139; *Wood* v. *C. & E. R. R. Co.* (1939), 215 Ind. 467, 469, 18 N. E. 2d 772; *Underwood* v. *Ferguson* (1956), 126 Ind. App. 643, 650, 133 N. E. 2d 573. 3 F. & W. Ind. Pract., § 2677, Comment 7(b), p. 142 (1963 P. P.).

Appellants' brief fails to set forth all instructions given as required and, therefore, presents no question on appeal concerning the refusal of the trial court to give appellants' tendered instructions.

We have considered appellee's motion to dismiss or, in the alternative, to affirm the judgment, and the previous action of this court thereon. The motion to dismiss or, in the alternative, to affirm the judgment is denied.

Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

Prime, C. J., Carson and Wickens, JJ., concur.*

NOTE.—Reported in 212 N. E. 2d 784.

---

* While Judge Martin participated in the hearing of oral argument and a conference of the judges, his untimely death occurred before the adoption of this opinion.