KOLAN *v.* JAMES R. AND RITA L. CULVEYHOUSE

[No. 20,759. Filed November 12, 1968. Rehearing granted March 6, 1969. No Petition to Transfer filed.]

*Lucas, Clifford & Wildermuth*, by *James A. Holcomb*, and *Ezra H. Friedlander*, all of Gary, for appellant.

*Spangler, Jennings, Spangler & Dougherty*, by *Vitold Reey, Jon F. Schmoll*, of Gary, for appellees.

CARSON, C. J.—This is an appeal from the Porter Circuit Court. The action below was one brought by the appellant as plaintiff against the appellees as defendants, to foreclose a mechanic's lien. The issues were formed by the appellant's amended complaint to foreclose a mechanic's lien filed for labor performed upon a certain dwelling of the appellees and the appellees' demurrer to the complaint. The court sustained the appellees' demurrer to each paragraph of the appellant's amended complaint and the appellant refused to plead over. Following such refusal, the court entered a judgment which reads as follows:

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the court that the defendants, James R. Culveyhouse and Rita L. Culveyhouse, prevail in this action; that the plaintiff, Stanley Kolan, take nothing by this action; and that the costs of this action be taxed against the plaintiff."

Following the entering of the court's judgment, the appellant filed an assignment of errors which reads as follows:

"1. That the Court erred in sustaining Appellees' Demurrer to Appellant's Amended Complaint.

"2. That the Court erred in granting Appellees' Motion to Reconsider Ruling on Demurrer.

"3. That the Court erred in overruling Appellant's Motion to Strike all of Appellees' Motion to Reconsider a Ruling on Demurrer."

In order for us to pass upon the correctness of the court's ruling in sustaining the defendant-appellees' demurrer to the plaintiff-appellant's complaint, we must examine the language of the complaint, the demurrer and the statutes involved.

A careful examination of the appellant's brief indicates that the complaint is set out therein, but it does not contain the demurrer and the memorandum in support thereof. Therefore, he has not complied with the provisions of Rule 2-17(e) of the Rules of the Supreme Court of Indiana.

It has been repeatedly held by the Supreme Court of Indiana and this court, that the appellant's brief should be sufficient so that each judge considering the brief alone, can intelligently consider each question presented. *Robinson v. State* (1916), 185 Ind. 119, 113 N. E. 306; *Pennsylvania R. Co. v. Mink* (1966), 138 Ind. App. 311 212 N. E. 2d 784; *Flex Let Corp. v. Vogel* (1962), 134 Ind. App. 495, 186 N. E. 2d 696.

The appellant, having failed to support Propositions 2 and 3, by cogent argument and citations of authorities, the same are waived since the brief does not comply with Rule 2-17, Rules of the Supreme Court of Indiana.

For the reasons above set out, the judgment of the trial court is affirmed.

Judgment affirmed.

Cooper, Faulconer, and Prime, J.J., concur.

NOTE.—Reported in 241 N. E. 2d 375.